## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES W. BUCKALOO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-14-502-R** |
| ) | |
| **STATE OF OKLAHOMA,** ) | |
| **GOV MARY FALLIN,** ) | |
| **OKLAHOMA DEPARTMENT OF** ) | |
| **CORRECTIONS** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights with regard to his confinement in state prison. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 5, 2014, Judge Purcell recommended dismissal of the action without prejudice because Plaintiff fails to state a claim for relief. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation.

Plaintiff was apparently convicted in 1983 in the District Court of McClain County of robbery with a firearm after former conviction of a felony. He was sentenced to twenty-years imprisonment, and apparently paroled by then-governor Bellmon on October 17, 1990. Thereafter Plaintiff was convicted in the United States District Court for the Eastern District of Oklahoma on one count of being a felon in possession of a firearm and one count of acquiring a firearm by making a false statement. Plaintiff was sentenced to a term of 262

months on the felon in possession charge and 33 months on the false statement count, to run concurrently. Plaintiff alleges herein that he discharged his federal sentence in 2012 and thereafter was illegally detained by the State of Oklahoma for the violation of the terms of his 1990 parole. Ths case is not presented as a habeas corpus action, but rather Plaintiff seeks relief under 42 U.S.C. § 1983, which limits the remedy available to him, eliminating the potential for release from state custody, which is one form of relief that he seeks. Judge Purcell recommended that the Court decline to construe this as an application for a writ of habeas corpus, and the undersigned concurs. The Court notes that Plaintiff currently has pending in the District Court of McClain County an application for post-conviction relief, and that the Oklahoma Court of Criminal Appeals recently remanded his application to the District Court of McClain County and ordered that counsel be appointed for Mr. Buckaloo. Regardless, Judge Purcell's conclusion that certain of Plaintiff's claims are not civil rights claims, but rather are more properly pursued habeas corpus is entirely correct, and the Court declines to construe his application as one for relief under § 2254.

With regard to Plaintiff's 42 U.S.C. § 1983 claims, Judge Purcell concluded that he had failed to state a claim for relief in Counts 1, 2, 5, and 6, because the documentary evidence Plaintiff attaches to his complaint contradicts his allegations that he was not lawfully paroled in October 1990.[1] Additionally, with regard to Plaintiff's claim for damages stemming from the alleged deprivation of his constitutional rights as a result of his 2012

---

[1] Plaintiff contends he was not lawfully paroled in 1990, and therefore, his parole could not be revoked in 2012 after completion of his federal sentence.

parole revocation, Judge Purcell concluded Plaintiff could not proceed at this time, in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), because the revocation must first be overturned or vacated, which the Court assumes is part of the post-conviction process Plaintiff is currently pursuing in state court.

The Court has conducted a *de novo* review of the filings in this case in light of Plaintiff's objection to the Report and Recommendation, and hereby adopts Judge Purcell's report and recommendation in its entirety. Accordingly, the Complaint is hereby DISMISSED WITHOUT PREJUDICE for the reasons stated in the Report and Recommendation.

IT IS SO ORDERED this 19th day of June, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE